IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:10cr44

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ELIZABETH M. O'NAN. ) | |
| ) | |
| Appellant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Appellant's "Notice of Appeal from the Magistrate Judge's Decision" [Doc. 2]; the Appellant's Brief in support of her appeal [Doc. 27]; and the Government's Brief in Opposition [Doc. 28].

I. PROCEDURAL BACKGROUND

On June 21, 2010, the Appellant Elizabeth M. O'Nan was found guilty by the Honorable Dennis L. Howell, United States Magistrate Judge, of blocking, restricting, or otherwise interfering with the use of a National Forest Service road, trail or gate, in violation of 36 C.F.R. § 261.12(d). The

Appellant was ordered to pay a fine of $500, a $10 special assessment, a $25 processing fee, and restitution to the United States Forest Service in the amount of $3,250. The Appellant further was ordered "not to interfere with the use of Forest Service Road 118A [sic][1] in any manner for a period of FIVE (5) YEARS." [Judgment in a Criminal Case, Doc. 1]. The Appellant filed a Notice of Appeal from the Magistrate Judge's Judgment on July 6, 2010. [Doc. 2].

## II. STANDARD OF REVIEW

A federal magistrate judge has the power to conduct trials and sentence criminal defendants for petty offenses. 28 U.S.C. § 636(a)(3)-(4), 18 U.S.C. § 3401(a). A defendant may appeal to the District Court from a Magistrate Judge's judgment of conviction and sentence for a petty offense, 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B). On appeal, this Court does not review the Magistrate Judge's decision *de novo*, but instead applies the same standard of review as would be applied by the Court of Appeals to a judgment entered by a district judge. Fed. R. Crim. P.

---

[1] The Forest Service Road at issue is 1188A, not 118A as identified in the Judgment. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the Court will direct the Clerk to prepare an Amended Judgment correcting this clerical error.

58(g)(2)(D).

On appeal, the Appellant raises for the first time the issue of whether her threats to have Officer Crisp arrested were sufficient acts to constitute "blocking, restricting, or otherwise interfering with the use of a road, trail, or gate" within the meaning of 36 C.F.R. § 261.12(d).  Because the Appellant did not raise this issue at trial, this Court reviews the Magistrate Judge's decision for plain error.  See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).  Thus, the Appellant must persuade the Court that there is "an 'error' that is 'plain' and that 'affects substantial rights.'"  Olano, 507 U.S. at 732, 113 S.Ct. 1770 (quoting Fed. R. Crim. P. 52(b)).

### III. FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the Government, see United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995), the following is a summary of the relevant facts.

The Appellant resides on an approximately 80-acre secluded "island" of private property completely surrounded by the Grandfather Ranger District of the Pisgah National Forest in McDowell County, North Carolina.

The property is accessible by United States Forest Service Road 1188A ("1188A" or "Road"). The Appellant holds an easement from the Forest Service that allows her to access her property via 1188A.

In December 2009, United States Forest Service Officers Jason Crisp and Wade Keener conducted an investigation into complaints they received from local hunters that the Appellant had attempted to restrict their access to 1188A. In response to these complaints, Officers Crisp and Keener decided to conduct an undercover investigation. On December 11, 2009, Officer Crisp donned a camouflage jacket and a hunter's orange vest which covered his Forest Service uniform and slung a shotgun over his shoulder. He then walked up 1188A in the direction of the Appellant's home, but never came within eyesight of it. Officer Crisp sat down on the road and waited approximately thirty minutes, at which time the Appellant and her daughter hiked down the road and made contact with him. Officer Crisp greeted the Appellant and she replied by asking, "What are you doing here?" Officer Crisp informed her that he was there to go coon hunting and was waiting on another individual to meet him so that they could go "up the creek" together. The Appellant then informed Officer Crisp that he was trespassing and that he needed to leave. Officer Crisp replied that he was

on national forest system lands and was not going to leave. At that point, Officer Crisp testified that the Appellant

> became very agitated. Started pointing her finger at me telling me that I was – I needed to leave or I was going to be arrested. And I asked her, I said, So I want to make this clear; you're telling me to leave. And she said, Yes, I'm telling you to leave and not come back or I will have you arrested. And after this – this kind of conversation, I simply told her, I said, Well, ma'am, I'm not leaving. I said I'm going hunting. I'm on national forest lands. And she looked at her daughter and said, Go call the sheriff. She looks at me and said, I'm going to have you arrested.

[Trial Transcript, Doc. 22 at 16-17].

Throughout this exchange, Officer Crisp continued to pose as a civilian hunter. Once the Appellant's daughter began to leave to call the police as the Appellant had directed, Officer Crisp unzipped his jacket and revealed himself as a Forest Service Officer. The Appellant nevertheless continued to maintain that she controlled and owned the road. While Officer Crisp considered issuing the Appellant a warning citation, he decided against doing so in light of the Appellant's insistence that she owned the Road.[2]

---

[2] Initially, Officer Crisp wrote a violation ticket for a state charge of "hunter harassment." That citation was eventually withdrawn, and the Appellant was issued the violation that is the subject of the present appeal.

5

Following this incident, the Forest Service hired McMahan & Associates, P.A. to conduct a survey of the disputed property. The survey, which was introduced into evidence at trial by the Government, shows the corner of the Appellant's property where it meets 1188A, as well as the location of Officer Crisp during his undercover operation on December 11, 2009. The survey establishes that Officer Crisp was on Forest Service lands when he encountered the Appellant.

Upon hearing all of the evidence, the Magistrate Judge found that on December 11, 2009, the Appellant approached Officer Crisp on a Forest Service Road, believing him to be a hunter; that she ordered him off the Road; and that she told him that if he did not comply, he would be arrested. Finding that the Appellant had no legal right to give such an order, the Magistrate Judge found the Appellant guilty of violating 36 C.F.R. § 261.12(d).

The Appellant now appeals, arguing that absent any attempt by her to *physically* block, restrict or interfere with Officer Crisp's use of the Road, her conduct did not constitute a violation of 36 C.F.R. § 261.12(d).

## IV. ANALYSIS

Section 261.12(d) of Title 36 of the Code of Federal Regulations prohibits anyone from "[b]locking, restricting, or otherwise interfering with the use of a road, trial, or gate" in the National Forest. Words used in a regulation must be given their plain and ordinary meaning. See United States v. Ehsan, 163 F.3d 855, 858 (4th Cir. 1998). The term "restrict" is commonly defined as "to set bounds or limits to." Webster's Third New Int'l Dictionary 1937 (2002). The term "interference" is commonly defined as "the act of meddling in or hampering an activity or process." Id. at 1178; see also Black's Law Dictionary 888 (9th ed. 2009) (defining "interference" as "an obstruction or hindrance").

While the Court has been unable to locate any decision wherein the terms "blocking, restricting, and interfering" as used in this particular regulation were defined, other courts construing similar language have concluded that physical force is not required in order to show unlawful "interference." For example, in United States v. Bassil, 932 F.2d 342 (4th Cir. 1991), the defendants were convicted of violating D.C. Code Ann. § 22-505(a), which provides that a person commits a felony if he "without justifiable and excusable cause, assaults, resists, opposes, impedes,

7

intimidates or interferes with" a correctional officer performing his official duties. Id. at 344-45. The defendants argued that their actions of refusing to obey a correctional officer's order to leave the premises, shouting obscenities, and making obscene gestures did not come within the ambit of the statute because their conduct was not "forcible." Id. at 345. The Fourth Circuit rejected the defendants' argument, noting that the use of force was not included as an element of the offense. Id. The Court further noted that while many of the cases under § 22-505(a) involved the use of force, this fact did "not convert force into an essential element of the crime," and that it was "quite possible . . . to impede or interfere with an officer without actually using force." Id.

In United States v. Willfong, 274 F.3d 1297 (9th Cir. 2001), a logger who refused to shut down operations in a national forest despite a shutdown order issued by the Forest Service was convicted of "threatening, resisting, intimidating, or interfering with" a forest officer in the performance of his official duties, in violation of 36 C.F.R. § 261.3(a). Id. at 1299-1300. On appeal, the logger contended that his failure to obey the forest officer's order did not constitute "interference" as a matter of law because he did not use any physical force. Id. at 1301. The Ninth Circuit rejected the logger's

8

argument, reasoning that the regulation at issue "does not refer to force and we decline to read the rule to require that physical force be used to interfere with an officer's duties." Id. at 1304. Finding that the logger's active refusal to stop logging hindered the forest officer's ability to perform his official duties, id. at 1301, the Court affirmed the logger's conviction. Id. at 1304.

Similarly, in the present case, the regulation at issue makes no reference to the use of physical force as a required element of the offense, and the Court declines to read any such requirement into the regulation. Based on the clear and unambiguous language of the regulation, the Court concludes that the use of physical force is not required in order to show unlawful "interference" with a National Forest System road, trail or gate.

In her reply brief (styled "Appellant's Response to Government's Brief in Opposition") the Appellant raises -- for the first time -- two additional arguments challenging her conviction. First, she argues that the Magistrate Judge's sentence restricting her from interfering with the use of the Road for a period of five years is substantively unreasonable in that such a prohibition violates her rights to free speech under the First Amendment and unduly restricts her from seeking the protection of law enforcement

9

from criminal activity on her property or on neighboring Forest Service lands.  Second, she appears to challenge the authority of the Forest Service to exercise jurisdiction over 1188A, arguing that it is a private road that is barred from public use.

These arguments must be rejected for several reasons.  First, the Appellant had no leave to file any sort of reply to the Government's brief.  The Scheduling Order entered in this case provided only for the filing of a brief by the Appellant and a brief by the Appellee [see Doc. 5], and at no time did the Appellant seek permission from the Court to file a second brief.  Moreover, these arguments were not raised in the Appellant's opening brief.  The Court declines to address issues raised for the first time in a reply brief.  See United States v. Connor, 273 F. App'x 245, 247 (4th Cir. 2008); Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).

Even considering these issues on their merits, however, the Appellant's arguments must be rejected.  Contrary to the Appellant's contention, the injunction imposed on the Appellant prohibiting her from interfering with the Forest Service Road for a period of five years does not preclude the Appellant from engaging in any lawful speech or activity.  The Appellant is free to contact local law enforcement if she has cause to

believe that criminal activity, such as trespass, has been committed on her property. She also may contact law enforcement if she has cause to believe that criminal activity is taking place on adjoining National Forest lands. What the Appellant cannot do -- and what the Judgment in this case specifically prohibits the Appellant from doing -- is interfere with the use of Forest Service Road 1188A by members of the public. Because 1188A is Forest Service property and is available for public use, the Appellant cannot threaten to have members of the public arrested for trespass while using the Road.

The Appellant also argues that by virtue of her easement, 1188A is a private road that should be barred from public use. This argument is clearly without merit. The evidence adduced at trial conclusively established that the segment of 1188A on which her encounter with Officer Crisp occurred is property of the National Forest Service. While the Appellant's easement may give her the right to use this Forest Service Road, it does not give her the right to exclude others from its lawful use.

Viewing the evidence in the light most favorable to the Government, the Court concludes that there is sufficient evidence to establish that the Appellant restricted or otherwise interfered with the use of Forest Service

Road 1188A within the meaning of 36 C.F.R. 261.12(d). The Appellant asserted to Officer Crisp that she had a legal right to exclude others from the road, and she directed her daughter to contact law enforcement in an attempt to have him arrested. The Appellant's conduct clearly was intended to hinder or obstruct the use of the road by Officer Crisp. As such, her conviction for "blocking, restricting or otherwise interfering with" the use of a Forest Service Road must be affirmed.

V.   **ORDER**

Upon careful review of the record, the Court concludes that there is sufficient evidence to sustain the Appellant's conviction, and that there is no plain error in the Magistrate Judge's Judgment. Accordingly, **IT IS, THEREFORE, ORDERED** that the Appellant's conviction is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to prepare an Amended Judgment correcting the clerical error in the identification of Forest Service Road 1188A.

**IT IS SO ORDERED**.

Signed: February 25, 2011

Martin Reidinger
United States District Judge